[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action, by writ, summons and complaint, claiming damages against defendant Michael Esposito, was returnable to this court on May 6, 1997. The plaintiffs bring this case against defendant Michael Esposito for the wrongful-death of their daughter, Kim Martin, as a result of a fatal automobile collision.
On the night of August 27, 1996, defendant Michael Esposito was driving his 1989 Chevrolet Camaro southbound on Park Avenue in Bridgeport, Connecticut, near its intersection with Redding Place. Defendant Michael Esposito was driving with a suspended license and was uninsured. Kim Martin was the front seat passenger in a car driven by her cousin April Stowell, traveling in the opposite direction on Park Avenue, near that same intersection. CT Page 7893
In the attached sworn statement, Police Officer Reynaldo Muniz, who investigated the collision, states that defendant Esposito admitted that, as he was traveling southbound on Park Avenue, he passed a white Ford Mustang, the driver of which was later identified as Anthony Odice. As defendant Esposito was approaching a green traffic signal, the Mustang raced up behind him and passed him as they went through the traffic signal. (See Exhibit A, Information and Arrest Warrant Application.)
Defendant Esposito and Anthony Odice then sped on Park Avenue southbound towards its intersection with Redding Place. The police calculated that the defendant's minimum speed was 57.3 miles per hour as he was approaching Redding Place. The police calculated that Anthony Odice's minimum speed was 64.5 miles per hour. Park Avenue has a posted speed limit of 35 mph. (See Exhibit A, Information and Arrest Warrant Application.)
As the two drivers raced towards that intersection, April Stowell made a left turn from Park Avenue northbound, attempting to cross Park Avenue southbound and intending to enter Redding Place. The Odice vehicle collided with the Stowell vehicle. Defendant Esposito swerved his vehicle to the right. His vehicle struck the right side of the curb, careened back into the southbound lanes of Park Avenue, crossed the esplanade and then the northbound lanes of Park Avenue and then landed on a lawn on the northbound side of the road. (See Exhibit A, Information and Arrest Warrant Application.)
The plaintiff brought suit against the defendant Michael Esposito, alleging, among other things, that he operated his motor vehicle at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway and the intersection of streets, in violation of Conn. Gen. Stat. § 14-218a; that he operated his motor vehicle at a rate of speed greater than 55 miles per hour upon the highway, in violation of Conn. Gen. Stat. § 14-219; that he operated his vehicle recklessly at such a rate of speed as to endanger the lives of other persons, in violation of Conn. Gen. Stat. § 14-222, and that he raced with another vehicle on the highway, in violation of Conn. Gen.Stat. § 14-224(c). (See Exhibit B.) Furthermore, plaintiff alleges that by defendant Esposito's violation of Conn. Gen. Stat. § 14-218a, § 14-219, and § 14-222 that the defendant is liable for double or treble damages pursuant to Conn. Gen. Stat. § 14-295. (See Exhibit B.)
 Discussion:
The court finds that the writ, summons and complaint were duly served on the defendant as appears by the return of service endorsed thereon. (See Exhibit B.) The defendant failed to enter an appearance. On April 21, 1998, the court entered a default against Michael Esposito for his CT Page 7894 failure to appear. (See Exhibit C.)
The plaintiff has filed a military affidavit setting forth facts from which the court found the defendant was not in the military service as of December, 1997. (See Exhibit D.) Furthermore, at the time of the default, the defendant was incarcerated. The plaintiffs also provided evidence that since that time the defendant has not been in the military service but has been lived in Bridgeport and worked in Stratford. There is no good reason why judgment should not be entered against the defendant by default.
The court, having heard the administrators of the estate, finds that the estate has sustained the following damages:
(a) Economic damages $1,625,000.00
(b) Non-economic damages $1,750,000.00
 (c) TOTAL COMPENSATORY DAMAGES (lines a + b) $3,375,000.00
 (d) The court further finds that the damages should be doubled/trebled (circle one), pursuant to Conn. Gen. Stat. § 14-295.
Whereupon, it is adjudged that the plaintiff recover of the defendant:
 $3,375,000.00 LINE(c) (TOTAL COMPENSATORY DAMAGES
X 2 or 3 LINE (d) (DOUBLE OR TREBLE)
$10,125,000.00 TOTAL DAMAGES
X .50 PERCENTAGE RESPONSIBILITY
= $5,062,500.00 TOTAL AWARD.
THE PLAINTIFF
By Robert B. Adelman, Esq.
 ORDER
WHEREFORE, it is hereby ordered that judgment shall enter in favor of the plaintiffs against the defendant Michael Esposito in the amount of CT Page 7895 $5,062,500.00
BY THE COURT
Skolnick, J.